**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3559-15T2

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

M.G.,

    Defendant-Appellant,

and

K.P.,

    Defendant.

_____

IN THE MATTER OF S.G.,
a minor.

_____

        Argued March 13, 2017 — Decided  April 18, 2017

        Before Judges Haas and Currier.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Family Part,
        Middlesex County, Docket No. FN-12-0129-16.

        Ryan T. Clark, Designated Counsel, argued the
        cause for appellant (Joseph E. Krakora, Public
        Defender, attorney; Mr. Clark, on the briefs).

Michael A. Thompson, Deputy Attorney General, argued the cause for respondent (Christopher S. Porrino, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Mr. Thompson, on the brief).

David Valentin, Assistant Deputy Public Defender, argued the cause for minor (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Mr. Valentin, on the brief).

PER CURIAM

Defendant M.G.[1] appeals from a March 15, 2016 order, contending that the Family Part judge erred in finding that he abused or neglected his five-month-old daughter, S.G. (Sage), by driving with the child in a motor vehicle after consuming marijuana and alcohol. In light of the record and applicable principles of law, we affirm.

On September 26, 2015, defendant brought Sage to a friend's house at 7 p.m. after taking Sage's mother, K.P., to work. Defendant left the infant in the care of a female friend whose name he could not recall, went to a different part of the home, and proceeded to consume two to three beers and two "hits" of a marijuana cigarette. At 7:50 p.m., defendant drove with Sage to a nearby Burger King, where he parked and ate his food while his

---

[1] We use initials and pseudonyms for the purposes of confidentiality.

 A-3559-15T2

daughter slept in her car seat. A concerned citizen noticed defendant sitting in his car for an extended period and called the police. The officer who responded found defendant and Sage sitting in the parked car; he observed a partially smoked marijuana cigarette and a small quantity of raw marijuana in the vehicle. Defendant was arrested and charged with possession of marijuana, N.J.S.A. 2C:35-10(a)(4), and endangering the welfare of a child, N.J.S.A. 9:6-3.

Plaintiff, the Division of Child Protection and Permanency (Division), received a referral and visited defendant's home on two occasions. The caseworkers noted that the home was "neat and clean and well furnished," and Sage was "well dressed neat and clean." Defendant confirmed to the caseworker that he drank at least two beers and took two "hits" of a joint before driving with the infant that evening. Defendant further admitted to smoking marijuana regularly when he lived in California, but indicated that he had not smoked since moving to New Jersey two years earlier.

The Division created a Safety Protection Plan with the family, requiring all of defendant's interactions with his daughter to be supervised and prohibiting him from driving with her in a vehicle.

The Division filed a verified complaint for the care and supervision of Sage under both N.J.S.A. 9:6-8.21 and N.J.S.A.

3

30:4C-12, which was granted by Judge Barbara C. Stolte, with the consent of the parties. The judge ordered defendant to complete a substance abuse program and continue supervised contact with Sage, acknowledging that defendant had begun complying with the Division's services prior to the hearing.

Following a fact-finding hearing, the judge rendered an oral decision on March 15, 2016, finding that defendant "failed to exercise a minimum degree of care and placed [Sage] at substantial risk of injury by using marijuana and drinking alcohol then proceeding to drive with the minor child in a motor vehicle." Judge Stolte observed that Sage "is a very vulnerable child who is reliant on her father for her every need."

The judge noted that in the absence of actual harm to the child, the Division must prove by the preponderance of the evidence that the child faced an imminent danger of impairment and a substantial risk of harm due to defendant's conduct. See N.J.S.A. 9:6-8.21(c)(4). In support of her decision, the judge relied on defendant's admission to the Division that he took Sage to the home of a "friend's friend" and left his daughter with a woman who he did not know well. The judge further cited defendant's admission that he had a previous marijuana addiction and noted that a partially smoked marijuana cigarette along with raw marijuana were confiscated from his car. The judge also noted

4

that the officer who arrested defendant observed the odor of burnt marijuana emanating from the vehicle and she concluded:

> This to me is an absolute clear case by the preponderance of the evidence, of imminent risk. He's driving after smoking marijuana and drinking two to three beers on the road with his infant child in the backseat. Absolutely a risk to this child . . . . [T]he Court will make a finding by the preponderance of the evidence that . . . that failure to exercise a minimum degree of care did in fact pose a risk of substantial injury to the child.

Under the totality of the circumstances, the judge determined that defendant's "failure to exercise a minimum degree of care" amounted to gross negligence and warranted a finding that defendant abused or neglected his daughter.

Following a dispositional hearing, the judge determined there was no longer a need for continuing litigation and dismissed the matter.

On appeal, defendant contends that the record lacks substantial credible evidence to support a finding of abuse and neglect.[2]

On review, we accord deference to the family court's fact-findings and will uphold a determination of abuse and neglect if it is supported by adequate, substantial and credible evidence in

---

[2] The Law Guardian joins the Division in opposing the appeal.

the record. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007). The trial judge must articulate, with particularity, the facts upon which a determination of abuse or neglect is made. N.J. Div. of Youth & Family Servs. v. J.Y., 352 N.J. Super. 245, 262 (App. Div. 2002).

Defendant asserts that the risk of harm to Sage was speculative, and there was no correlation between his actions that evening and the alleged risk of harm to Sage. We disagree.

Judge Stolte made detailed factual findings based on defendant's admissions to the Division and the information from the arresting police officers in her consideration of whether defendant abused or neglected his child. We have previously considered a similar situation in New Jersey Div. of Child Protection and Permanency v. J.A., 436 N.J. Super. 61 (App. Div. 2014) and determined a parent is held to what "an ordinary reasonable person would understand" in considering whether a situation "poses dangerous risks" and whether the parent acted "without regard for the potentially serious consequences." Id. at 68-69.

Here, defendant admitted to consuming two or three beers and using marijuana in a fifty-minute timespan and then proceeded to drive with his daughter in the car. We are satisfied that the judge considered the totality of the circumstances and applied the

correct legal standard in issuing a well-reasoned decision. Accordingly, we find that the judge's decision was supported by substantial credible evidence in the record, and therefore, affirm substantially for the reasons expressed in her oral opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION